Spaulding *v.* Smith.

---

## SPAULDING *vs.* SMITH.

Where the defendant pleaded in abatement, the non-joinder of his co-partner, it was held that, such co-partner was not a competent witness for the defendant, to prove the fact of the partnership.

ASSUMPSIT, to recover the amount alleged to be due for the services of *Jeremiah Spaulding,* the plaintiff's minor son, while in the defendant's employ. The defendant pleaded in abatement the non-joinder of one *Amaziah Jones,* who he alleged was a co-partner, and that the promise if any was made, was made by him and said *Jones* jointly, and that he was still alive and within the jurisdiction of the Court. The plaintiff in his replication denied the co-partnership, and alleged that the promise was made by the defendant alone, and, upon this, issue was joined.

The defendant to maintain the issue on his part, offered the deposition of the said *Jones,* in which he deposed, that he was a co-partner with the plaintiff, — that *Spaulding* was hired on their *joint* account, — that he so understood it, and received a portion of his wages from the deponent.

To the admission of this deposition, the plaintiff's counsel objected, on the ground of the deponent's interest in the suit. The *Chief Justice* of the Court of Common Pleas where the

──────────────────────────────────────────
                    Spaulding v. Smith.
──────────────────────────────────────────

cause was tried, ruled that it was inadmissible, and a verdict was thereupon rendered for the plaintiff. The cause was brought to this Court on exceptions taken by the defendant to the ruling of the Judge aforesaid.

*D. Williams,* for the defendant, argued that the witness was not interested in the event of this suit. It was a matter of perfect indifference to him which prevailed. If the defence succeed, then he will be answerable to the plaintiff for his proportion of the debt. If the plaintiff recover, then the witness will be answerable to the defendant for contribution. When the interest of a witness is balanced, his testimony is admissible. *York & al. v. Bluff,* 5 *M. & S.* 71; *Lockhart v. Graham,* 1 *Str. R.* 35; *Hudson v. Robinson,* 4 *M. & S.* 475.

He denied that the defendant would be liable to pay any part of the cost. Such have been the decisions in case of co-sureties. *Leavenworth v Pope,* 6 *Pick.* 419; *Dawson v. Morgan,* 9 *B. & C.* 618.

But even if liable to pay a part of the cost he is still admissible as a witness. *Iderton v. Atkinson,* 7 *D. & E.* 476; *Burt v. Kurshaw,* 2 *East,* 458.

*Boutelle,* for the plaintiff, cited the following authorities; 2 *Starkie's Ev.* 5; 3 *Starkie's Ev.* 1084; *Young v. Bairner,* 1 *Esp. Rep.* 203; *Goodacre v. Breame, Peake's Cases,* 175; 1 *Phillips,* 48; *Hubbs v. Brown & al.* 16 *Johns. Rep.* 70; *Scott v. McLellan & al.* 2 *Greenl.* 199; *Anderson & al. v. Brock,* 3 *Greenl.* 243; *Whitney v. Cook,* 5 *Mass.* 139.

MELLEN C. J. delivered the opinion of the Court.

The only question is, whether *Jones* was a competent witness for the defendant to prove the fact stated in the plea in abatement. The defendant avers that *Jones* and he were copartners at the time the action was commenced. Should the plaintiff recover, the costs would be a charge on the joint fund, and *Jones* would be bound to contribute his proportion of their amount. He is therefore interested to defeat the present action and avoid the costs, and then they may relieve themselves from all liability to the plaintiff by a payment of the simple

debt only. On this ground we think *Jones* was properly excluded. The principles conducting us to this conclusion are in accordance with the decisions cited by the counsel for the plaintiff, which are to be found in several elementary works of established character, and considered of unquestioned authority. The cases cited by the defendant's counsel, when examined, are found not to be at variance with those principles.

The exception is overruled.

*Judgment for the plaintiff.*